## CONTINUATION IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Kyle Rademacher, being duly sworn, depose and state as follows:

### Introduction

1.   This is a continuation of a criminal complaint and request for an arrest warrant for JAMES CLELAND. There is probable cause to believe that one or about October 16, 2025, in Kent County within the Western District of Michigan, CLELAND knowingly possessed destructive devices which were not registered to him as required by the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d).

2.   I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). I am currently assigned to the ATF Field Office in Grand Rapids, Michigan and have been since May of 2023.  My responsibilities include the investigation and enforcement of criminal violations of Titles 18, 21, and 26 of the United States CodeI have had extensive training at the Federal Law Enforcement Training Center in the Criminal Investigator Training Program and ATF Special Agent Basic Training. Prior to working for the ATF, I was a Trooper with the Michigan State Police (MSP) for over ten years. During my tenure with the MSP, I responded to calls for service, investigated violations of criminal law including assisting with state drug investigations, firearms violations, executing search warrants, and making arrests.

3.   The information in this criminal complaint is based on my personal involvement in this investigation, including witness interviews, a review of records

and reports, and information obtained from other law enforcement officers. The provided information outlined below is for the limited purpose of establishing probable cause and does not include everything I know about this investigation.

## Probable Cause

4. ATF is currently investigating James Steven CLELAND for violations of federal law, including but not limited to firearms and explosives offenses.

5. CLELAND resides in the Grand Rapids area and is a previously convicted felon. According to the Law Enforcement Information Network (LEIN), CLELAND has the following felony convictions:

*In the state of Michigan 17th Circuit Court, located in Kent County:*

a. 1991—Attempted Criminal Sexual Conduct Second Degree, a violation of MCL 750.520C1A;
b. 2013—First Degree Retail Fraud, a violation of MCL 750.356C; and
c. 2017—Possession of a Controlled Substance < 25 grams, a violation of MCL 333.74032A5.

*In the state of Michigan 48th Circuit Court, located in Allegan County:*

a. 2004—Felon in Possession of a Firearm, a violation of MCL 750.224F.

*In the state of Michigan 9th Circuit Court, located in Kalamazoo County:*

b. 2011—Use of a Computer to Commit a Crime, a violation of MCL 752.7973C.

6.  I have been working with ATF confidential informant 33215 (CI).[1] The CI has known CLELAND for many years and knew CLELAND's address and telephone number.

7.  During the week of October 12, 2025, the CI informed me CLELAND wanted to burn buildings and property of Victim 1 at the victim's towing company in Grand Rapids, and the property of Victim 2[2] at another local business in Grand Rapids. CLELAND asked the CI to pick up "Mason" jars in order to construct destructive devices, also known as Molotov Cocktails.

8.  On October 16, 2025, the CI told me CLELAND intended to burn down these businesses on this date around 9:30-10:00 PM. The CI went to CLELAND's address on this date and recorded their conversation utilizing a digital audio recorder. During this time, ATF agents, including myself, set up surveillance on CLELAND's residence and vehicle. I witnessed CLELAND emerge from the residence carrying empty glass jars. CLELAND set these on the hood of his vehicle and opened the garage. I saw both CLELAND and the CI take jars into the garage, but was unable to see what occurred within the garage. I further saw CLELAND holding a long, dark

---

[1] The confidential informant has pending criminal charges in Kent County, Michigan for felony larceny and felony fraud. The CI is seeking consideration on those charges in exchange for information regarding the criminal activities of CLELAND . The CI also has a significant criminal history that includes convictions for charges related larceny and stolen property, escape from a criminal sentence, and assault. During this investigation, the CI's statements have been independently verified and corroborated by investigators through surveillance and law enforcement records. Investigators believe the CI's statements are true to the best of their knowledge.

[2] I know the identity of Victim 1 and Victim 2, as well as their business addresses and can provide them to the court.

piece of cloth. The CI loaded a red tool bag into the trunk of CLELAND's vehicle and they both got into CLELAND's vehicle, with CLELAND driving. This information was relayed to the Michigan State Police (MSP) in order to make a traffic stop.

9. On October 16, 2025, at approximately 9:20 PM, the MSP conducted a traffic stop of CLELAND's vehicle on northbound US 131 near Hall St, in the city of Grand Rapids, for operating an unregistered vehicle on the roadway. CLELAND was the operator of the vehicle. MSP obtained CLELAND's consent to search the vehicle. In the trunk of CLELAND's vehicle, MSP located four glass jars filled with suspected gasoline inside of a canvass tool bag, as shown in the photograph below. All four jars had strips of cloth secured to the outside of the jars with elastic bands, creating improvised incendiary devices (i.e. "destructive devices"). These destructive devices are commonly known as "Molotov Cocktails."

10. In my training and experience a Molotov Cocktail is a breakable container that is filled with a flammable fluid or substance and is fitted with a fuse or wick and is similar to a homemade grenade. These devices are designed to be thrown and explode on contact.





11.     When MSP conducted the above referenced traffic stop, CLELAND was driving in the direction of Victim 2's business. When asked where he was going, CLELAND advised MSP he was going to a friend's house to burn brush piles. MSP arrested CLELAND and he was lodged at the Kent County Jail for the state law violation of "Preparation to Burn Property."

12. On October 17, 2025, I listened to the audio recording of the conversation between CLELAND and the CI, on October 16, 2025. Both CLELAND and the CI talk about going to Victim 1's place and Victim 2's place. The following are excerpts from the recording and may not be exactly verbatim as spoken. All excerpts are spoken by CLELAND[3] and appear to be in reference to utilizing the destructive devices to burn Victim 1 and Victim 2's businesses:

- *We got arson to go commit, get the fuck outta here.*
- *Where we goin' first?*
- *What're we takin' over to [Victim 2]'s? What vehicle are we using?*
- *The jeep being black, for behind [Victim 1]'s…it's dark back there . . . nobody will see it.*
- *Do you wanna go to the gas station down the road and watch fire truck go over there?*
- *So we'll just bring the two for [Victim 2]'s…*
- *We gotta wipe them fuckers down…*

13. Based on my knowledge of the investigation and my review of the recording, CLELAND's reference to watching "fire truck go over there" appears to be in reference to watching a fire truck respond to the scene after the Molotov Cocktails are used to start a fire.

---

[3] As part of my work on this investigation with the CI I have become familiar with the CI's voice and am able to identify their voice on the recording. As part of the investigation, I have also become familiar with CLELAND's voice and am able to identify it on the recording.

14. On October 17, 2025, and ATF Senior Special Agent and Certified Explosives Specialist and Bomb Technician Timothy Hunt conducted a field test with a Thermo Scientific Gemini device on the liquid in one of the four jars. The test resulted in a positive indication for gasoline and ethanol.

15. Title 26, United States Code, Section 5861(d) makes it unlawful for any person "to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." The elements of such this offense are that: (1) the defendant knowingly possessed the firearms (destructive devices); (2) the firearms (destructive devices) were not registered to the defendant in the National Firearms Registration and Transfer Record; and (3) the defendant knew the features of the device that brought it within the scope of the Act.

16. Title 26, United States Code, Section 5841(a) directs for the maintenance of "a central registry of all firearms in the United States which are not in the possession of under the control of the United States." The registry is known as the National Firearms Registration and Transfer Record and includes the "identification and address of person entitled to possession of the firearm."

17. The term "firearm," as defined in 26 U.S.C. § 5845(a), includes "destructive device[s]." A "destructive device" is further defined in 28 U.S.C. § 5845(f) as:

> (1) any explosive, incendiary, or poison gas (A) bomb, (B) grenade, (C) rocket having a propellent charge of more than four ounces, (D) missile having an explosive or incendiary charge of more than one-quarter ounce, (E) mine, or (F) similar device; (2) any type of weapon by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant,

the barrel or barrels of which have a bore of more than one-half inch in diameter, except a shotgun or shotgun shell which the Secretary finds is generally recognized as particularly suitable for sporting purposes; and (3) any combination of parts either designed or intended for use in converting any device into a destructive device as defined in subparagraphs (1) and (2) and from which a destructive device may be readily assembled.

18.  A check of the National Firearms Registration and Transfer Record (NFRTR) confirms CLELAND does not have a license to manufacture explosives and did not register the destructive devices in the NFRTR. Furthermore, as a previously convicted felon, CLELAND is prohibited from possessing any firearm under 18 U.S.C. § 922(g).

19.  Based on the facts described above, I believe there is probable cause that on October 16, 2025, in Kent County, within the Southern Division of the Western District of Michigan, James Steven CLELAND knowingly possessed a firearm, specifically, destructive devices, not registered with the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d).